UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Leonel Blanco | |
| *Plaintiff*, | |
| | CIVIL ACTION NO: |
| v. | 1:16-cv-563 |
| | |
| R.B Fast Food, Inc. | |
| Royal Fried Chicken Inc., | |
| Akbar Hussain | |
| Sonia Martinez | JURY TRIAL REQUESTED |
| *Defendants*. | |
| | October 13, 2016 |

## **COMPLAINT**

### I. INTRODUCTION

1. This is an action brought by Leonel Blanco ("Plaintiff") against Defendants, R.B Fast Food Inc. ("R.B"), Royal Fried Chicken, Inc ("Royal"), Akbar Hussain ("Hussain"), and Sonia Martinez (Martinez), (collectively "Defendants"), arising from Defendants' failure to lawfully pay Plaintiff wages for his work.

2. For over five years, Plaintiff worked nine to twelve hours per day, seven days per week, as a cook in Defendants' fast food restaurant business but was never paid a premium rate for overtime hours as required by law.

3. Plaintiff alleges violations of the overtime provisions of the federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), and the Rhode Island Minimum Wage Act, R.I. Gen. Law §28-12-1, *et seq.* ("RIMWA").

4. Plaintiff seeks his unpaid overtime wages, liquidated damages pursuant to the FLSA, liquidated and compensatory damages pursuant to RIMWA, and reasonable attorneys' fees, costs, and interest pursuant to FLSA and RIMWA. Plaintiff also

seeks to equitably toll the statute of limitations.

## II.   JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

6. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is appropriate in the District of Rhode Island pursuant to 28 U.S.C. §1391(b), because the events and omissions giving rise to this claim occurred within this judicial district and Plaintiff and at least two Defendants reside in the judicial district.

## III.   THE PARTIES

8. Plaintiff is a resident of Rhode Island.

9. At all times relevant to this Complaint, Plaintiff was an employee of Defendants as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1), by the RIMWA, §28-12-2(5), and by R.I. Gen. Law § 28-14-1(2).

10. At all times relevant to this Complaint, Plaintiff was an employee engaged in commerce or the production of goods for commerce, and/or were employees in an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C.A. §203(b),(s)(1).

11. Upon information and belief, Defendants R.B and Royal are enterprises as defined by FLSA in that their annual gross volume of sales and business done is at least $500,000 within the meaning of 29 U.S.C.A. §203(s)(1).

12. As part of his normal employment duties, Plaintiff handled goods that were moved in interstate commerce.

13. Upon information and belief, Defendants receive deliveries of good at least twice per week from out of state vendors.

14. Defendant R.B is a Rhode Island corporation located at 270 Dexter Street, Pawtucket, Rhode Island.

15. Upon information and belief, Defendant Royal is a Massachusetts corporation located at 2360 Washington Street, Roxbury, Massachusetts.

16. Upon information and belief, Defendant Hussain is a resident of Pawtucket, Rhode Island, and is the sole owner and officer of both Defendants Royal and R.B.

17. Upon information and belief, Defendant Martinez is a General Manager of Defendant Royal Fried Chicken. Martinez actively participated in the overall supervision of Plaintiff.

18. Defendants Hussain and Martinez both had the authority to hire and fire Plaintiff, set his wages, direct work activities and conditions, and make decisions relating to the payment of wages.

19. At all times relevant to the Complaint, Defendants Hussain and Martinez made decisions regarding Plaintiff's wages, hours, work activities, and working conditions.

20. At all times relevant to the Complaint, all Defendants were employers of Plaintiffs as that term is defined by the FLSA, 29 U.S.C. §203(d), by the RIMWA, §§28-12-2(6), and by R.I. Gen. Law § 28-14-1(3).

## IV. STATEMENT OF FACTS

21. Plaintiff was employed by Defendants from on or about March 1, 2011 thru July 2, 2016.

22. During this time period, Plaintiff was employed by Defendants as a cook at Defendants' Pawtucket, Rhode Island retail fast food location.

23. Plaintiff generally worked for nine to twelve hours per day, seven days per week.

24. Plaintiff worked over 70 hours per week, nearly each and every week of his employment.

25. Plaintiff inquired about overtime to Defendants Martinez and Hussain, but was told that he was not entitled to overtime because he was a cook.

26. Defendants made repeated express representations and engaged in other affirmative conduct amounting in fact to such a representation that Plaintiff was not entitled to overtime pay.

27. Plaintiff relied on these misrepresentations to his disadvantage.

28. Defendants' knew or should have known that Plaintiff was entitled to a premium pay for each hour worked over 80 hours per week.

29. Defendants had no basis to assert that Plaintiff was exempt from overtime pay.

30. Plaintiff's primary duty was to prepare and cook fast food.

31. Plaintiff also regularly unloaded goods from out-of-state vendors and cleaned and organized the kitchen and freezer.

32. Plaintiff's pay rate was $12.00 per hour.

33. For the first four [4] years of his employment, Plaintiff was only paid in cash.

34. For approximately the last year of Plaintiff's employment, Defendants paid Plaintiff

by check biweekly for the first 80 hours worked, and paid cash for the remaining hours worked.

35. Plaintiff was never paid with a check that accurately reflected the actual hours worked.

36. At all times relevant to the Complaint, Plaintiff was paid twelve dollars ($12.00) per hour for all hours worked. This was paid through a combination of cash and/or check.

37. During the entirety Plaintiff's employment, Defendants never once paid Plaintiff a premium rate for overtime hours worked.

38. Plaintiff speaks Spanish fluently, but is unable to speak, read or understand English.

39. During the first four [4] years of Plaintiff's employment, Defendants did not post and keep posted the minimum wage and overtime poster issued by the Rhode Island Department of Labor and Training at the places of employment where it could be read easily by its employees, as required by R.I. Gen. Law §28-12-11.

40. During Plaintiff's employment, Defendants did not furnish to Plaintiff a statement of earnings on every regular payday, including a record of hours worked and itemized deductions from gross earnings, as required by R.I. Gen. Law § 28-14-2.1.

41. During the first four [4] years of Plaintiff's employment, Defendants did not post and keep posted a notice explaining the Fair Labor Standards Act, as prescribed by the United States Department of Labor, Wage and Hour Division, in a conspicuous place in their establishment such as would permit Plaintiff or other employees to observe readily a copy, as required by 29 C.F.R. §516.4.

42. During Plaintiff's employment by Defendants, he did not discover the Defendants'

violations of his right to be paid according to the law because, inter alia, Defendants failed to conspicuously post and provide to Plaintiff information mandated by federal and state law; Defendants' actual misrepresentations to Plaintiff which concealed his cause of action; and because Plaintiff does not speak or read English fluently.

43. Upon information and belief, Defendants are experienced employers and are aware of their obligation to pay minimum wage and overtime to their employees.

## V. COUNT ONE
## FLSA AND RIMWA OVERTIME VIOLATIONS

44. Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 43.

45. As described above, Defendants failed to pay Plaintiff at least one and a half times a lawful, regular hourly wage for hours over forty worked in each week as required by Rhode Island law.

46. As described above, Defendants failed to pay Plaintiff at least one and a half times a lawful, regular hourly wage for hours over forty worked in each week, as required by federal law.

47. Defendants' failure to pay overtime wages as required by federal law was willful, inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the FLSA and did not do so.

48. Defendants' failure to pay overtime wages as required by Rhode Island law was willful and/or in bad faith, inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the RIMWA and did not do so.

49. As a result of Defendants' unlawful conduct as described above, Plaintiff suffered a loss of wages.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

50. Order Defendants to pay to Plaintiff all overtime wages owed, consistent with the FLSA and RIMWA;

51. Award Plaintiff liquidated damages for all federal overtime wages owed pursuant to 29 U.S.C. §216(b);

52. Award Plaintiff liquidated damages for all Rhode Island overtime wages owed pursuant to R.I. Gen. Law §28-14-19.2(a);

53. Equitably toll the FLSA and RIMWA statute of limitations for the entire term of Plaintiff's employment;

54. Award Plaintiff's reasonable attorneys' fees, costs;

55. Award Plaintiff pre and post judgement interest; and

56. Award Plaintiff such other legal and equitable relief as the Court deems appropriate.

## VII. REQUEST FOR TRIAL BY JURY

Plaintiff respectfully request a trial by jury as to all claims to which they are entitled.

    RESPECTFULLY SUBMITTED

    Leonel Blanco

    By his attorneys,

    RHODE ISLAND CENTER FOR JUSTICE

    \_\_/s/ Curtis R. Pouliot-Alvarez_____

Curtis R. Pouliot-Alvarez, R.I. Bar No. 9494
Rhode Island Center for Justice
One Empire Plaza, Suite 410
Providence, RI 02903
Tel. 401.491.1101 x812
Fax. 401.228.6780
cpouliotalvarez@centerforjustice.org