UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Leonel Blanco<br>    *Plaintiff*,<br><br>v.<br><br>R.B Fast Food, Inc.<br>Royal Fried Chicken Inc.,<br>Akbar Hussain<br>Sonia Martinez<br>    *Defendants*. | CIVIL ACTION NO:<br>1:16-cv-563-M-PAS |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Plaintiff Leonel Blanco ("Plaintiff" or "Blanco") and Defendants R.B Fast Food, Inc. ("R.B"), Royal Fried Chicken, Inc. ("Royal"), Akbar Hussain ("Hussain"), and Sonia Martinez ("Martinez") collectively "Defendants", by and through undersigned counsel, respectfully submit this Joint Motion to Approve the terms of a Confidential Negotiated Settlement Agreement ("the Settlement Agreement") in this case as set forth herein[1]. The parties seek an Order of the Court approving the Settlement Agreement and dismissing Plaintiff's claims against the Defendants and Defendants' counterclaims against Plaintiff with prejudice and without costs, attorneys' fees, or interest and waiving all rights of appeal.

In further support of this Joint Motion, the parties state the following:

1. The parties are seeking Court approval of their Settlement Agreement because Plaintiff alleges, among other counts, a violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201

---

[1] The inclusion of a confidentiality clause in the Settlement Agreement precludes its public filing with this Motion however the Settlement Agreement is available for in camera inspection. The terms of the Settlement Agreement are provided in summary form in this Joint Motion and the parties agree that the Motion presents an accurate recitation of the terms of the Settlement.

et seq. (the "FLSA"). *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199,206 (2d Cir. 2015) ("Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect.")

2. When parties bring a proposed settlement of an FLSA claim before a court, the court must determine whether it is a fair and reasonable resolution of a bona fide dispute. *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 113, n. 8 (1946); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354-55 (11th Cir. 1982); *Jarrard v. Se. Shipbuilding Corp.*, 163 F.2d 960,961 (5th Cir. 1947). If a settlement in an FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

3. "In determining whether a settlement is fair and reasonable, a court considers the totality of the circumstances, encompassing a range of factors including: (1) the plaintiffs range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Matheis v. NYPS*, No. 13CV6682-L TS-DCF, 2016 WL 519089, at *1 (SD.N.Y. Feb. 4, 2016) (internal quotation marks and citation omitted).

4. Accordingly, the Plaintiff alleges he is owed approximately $16,000 in overtime wages per the FLSA. Plaintiff claims he is owed additional monies for liquidated damages pursuant to the FLSA and Rhode Island state law. Defendants submit that Plaintiff is not owed any wages under federal, state, or common law. Specifically, Defendants contend that Plaintiff

was properly paid for all hours worked. Thus, the parties submit there is a dispute as to whether Plaintiff is entitled to damages under the FLSA.

5. To avoid the uncertainty and costs of litigation, Defendants have agreed to pay Plaintiff $13,500.00 in wages and liquidated damages, plus a reasonable amount for attorneys' fees in the amount of $2,500.00. The parties have agreed that, in exchange for this payment, Plaintiff's claims will be dismissed with prejudice without costs or attorneys' fees (except as provided for in the terms of the settlement), or interest, and with waiving all rights of appeal.

6. Since September 2013, Plaintiff's counsel has expended more than 20 hours on this litigation. At counsel's reasonable hourly rate of $225, the attorney's fees would thus amount to more than $4,500. Notwithstanding, to the Plaintiff's advantage, counsel agreed to cap its fees at $2,500.00 of the settlement.

7. The parties have already executed the Settlement Agreement, which provides for payment of the settlement amount within fifteen (15) calendar days after the Court's approval of the settlement.

8. The settlement agreement is the product of hard fought arm's-length bargaining by experienced and competent counsel. Both parties assert that the settlement is fair and reasonable.

WHEREFORE, the parties respectfully request that this Court enter the attached proposed Order (Exhibit 1) approving the Settlement Agreement, dismissing Plaintiff's claims against Defendants with prejudice and without costs, attorneys' fees (except as provided for in the terms of the settlement), or interest and waiving all rights of appeal.

Respectfully Submitted,

/s/ Jennifer L. Wood  
Jennifer L. Wood (#3582)  
Rhode Island Center for Justice  
One Empire Plaza, Suite 410  
Providence, R.I. 02903  
t: 401.491.1101 x801 f: 401.228.6780  
jwood@centerforjustice.org  

/s/ Michael Polak  
Michael Polak, Esq. (#7719)  
BRENNAN RECUPERO CASCIONE  
SCUNGIO MCALLISTER LLP  
362 Broadway Providence, RI 02909  
t: 401.453.2300 f: 401.453.2345  
mpolak@brcsm.com